UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61146-Civ-DIMITROULEAS/SNOW

ZETA MANAGEMENT CORPORATION,,

        Plaintiff,

        vs.

PARKSIDE HEIGHTS PHASE ONE, LLC, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the plaintiff's Motion for Contempt and Sanctions (Docket Entry 82), which was referred to United States Magistrate Judge Lurana S. Snow for report and recommendation. The motion is fully briefed and the undersigned held an evidentiary hearing on the motion on August 18, 2010.

### I. PROCEDURAL HISTORY

The complaint was filed July 22, 2009, alleging various claims pursuant to Florida contract law and Florida statutes, related to real estate development agreements which the defendants are alleged to have fraudulently induced the plaintiff to enter into. Counsel for two of the defendants, Roberto Valencia and his company Integrated Design Ideas & Services, Inc., filed a motion to dismiss the complaint. (DE 14)  The motion was granted in part and denied in part. (DE 27)  The plaintiff filed an amended complaint. (DE 30) The two defendants again filed a motion to dismiss the complaint. (DE 35)  The motion was denied and the defendants filed an answer. (DE 43, 45)  The parties filed a joint scheduling report

and a Scheduling Order was issued, with a discovery cutoff of June 25, 2010. (DE 49, 50)

On December 10, 2009, counsel for Mr. Valencia and Integrated Design Ideas & Services, Inc., filed a motion to withdraw. (DE 56) The motion stated that Mr. Valencia agreed to allow counsel to withdraw from the representation, even though he was informed that the corporation must be represented by counsel.[1] The motion was granted, but the Order noted that the corporation must obtain legal representation. (DE 57)  On March 9, 2010, the plaintiff filed a motion for entry of a default against Integrated Design Ideas & Services, Inc., since it had failed to obtain counsel to represent it. (DE 67)  The Clerk of the Court entered the default on March 18, 2010. (DE 71)

On June 15, 2010, the plaintiff filed a motion to compel Roberto Valencia to appear for his deposition. (DE 75) The plaintiff had noticed the deposition on May 10, 2010, to take place on June 10, 2010. On June 9, 2010, plaintiff's counsel spoke to Mr. Valencia to confirm his attendance.  Instead Mr. Valencia asked to postpone the deposition since he was close to hiring counsel.  The plaintiff, noting the upcoming deadlines, declined to reschedule the deposition, and Mr. Valencia did not appear. The motion to compel stated that this was the second time Mr. Valencia had failed to appear for a properly-noticed deposition. The Court ordered an expedited briefing of the motion, but Mr. Valencia failed to respond to the motion.  On June 30, 2010, the Court granted the motion and

---

[1] The motion included an address for the defendants: 1417 Southeast 4th Street, Fort Lauderdale, Florida 33301, and an e-mail address for Roberto Valencia:roberto@valenciaarchitect.com.

2

ordered Mr. Valencia to appear for his deposition no later than July 16, 2010. (DE 77)

The instant motion, filed on July 22, 2010, states that on June 30, 2010, the plaintiff noticed the deposition for July 12, 2010. Mr. Valencia did not attend. The plaintiff asks the Court to strike Mr. Valencia's pleadings and enter a default against him pursuant to Fed.R.Civ.P. 37(d)(1) and (d)(3). The Court ordered an expedited briefing of the motion, with the response due August 5, 2010. (DE 83)

On August 5, 2010, counsel entered an appearance on behalf of Integrated Design Ideas & Services, Inc., and Roberto Valencia. (DE 84) Counsel also filed a response to the motion, asserting that plaintiff's counsel unreasonably refused to allow Mr. Valencia time to retain counsel. Counsel stated that the previous failure to comply was inadvertent and that Mr. Valencia intends to fully comply with his obligations as a party. To that end, he has proposed three dates for his deposition.

Mr. Valencia provided his affidavit (DE 85-1) stating that until June 2010, his business was not making a profit and he was unable to afford counsel. He also stated that the premises at 1417 SE 4th Street has two suites: Suite A and Suite B. Sometime before June 30, 2010, the occupants of Suite A moved and forwarded their mail to another location. However, some of the mail for Suite A was placed in his mailbox for Suite B. He averred that he did not receive the June 30, 2010, Order for him to appear for deposition no later than July 16, 2010. Had he received that Order, he would have attended the deposition set for July 12, 2010. Moreover,

3

during the first week of July, he discussed settlement with counsel for the plaintiff, who never mentioned the Court's Order for the deposition.  He stated that he has every intention of complying with Court Orders.

The response argues that a finding of civil contempt is designed to obtain compliance with an order of the court.  Since Mr. Valencia has agreed to appear for his deposition, there is no reason for a finding of contempt.  Counsel also suggests that the plaintiff's counsel bears some responsibility for Mr. Valencia's non-appearance on July 12,[2] since he failed to inform Mr. Valencia of the Court Order during the July settlement discussions.

The plaintiff's reply stated that while ignoring his own responsibilities to cooperate in the discovery process, and in spite of the June 25, 2010, discovery deadline, Mr. Valencia propounded discovery requests to the plaintiff on August 5, 2010. With regard to the plaintiff's notices of deposition, in addition to serving the notices by United States mail, plaintiff's counsel also served them to the e-mail address provided to him by Mr. Valencia: rvarch1417@gmail.com.  Indeed, plaintiff's counsel also e-mailed to Mr. Valencia a copy of the Court's June 15, 2010, Order for expedited briefing and the June 30, 2010, Order to appear for deposition.[3]  Plaintiff's counsel provided his declaration (DE 90-2) stating that he spoke on the telephone with Mr. Valencia on July 8, 2010, told him about the deposition, and discussed settlement as a

_____

[2] The response incorrectly refers to the date of the deposition as July 16, 2010.

[3] Declaration of Monica Montagna, legal assistant, who sent the e-mails. (DE 90-1)

4

way to avoid the deposition. The plaintiff asserts that Mr. Valencia has ignored the Court's Orders which plaintiff e-mailed to him, repeatedly tried to cancel properly-noticed depositions and, for the third time, failed to appear for a deposition for which he had received notice by e-mail. These were willful, not inadvertent, acts.

## II.  THE HEARING

At the hearing, Ms. Monica Montagna, Mr. Polenberg's legal assistant, testified that she sent the plaintiff's notices of deposition by United States mail and to the e-mail address Mr. Valencia had provided to them: rvarch1417@gmail.com. (Plaintiff's Exh 1). The first was the March 4, 2010, mailing and e-mail of the notice of Mr. Valencia's deposition set for April 6, 2010. (Id. pp. 4-5)  Attempting to confirm Mr. Valencia's attendance, Ms. Montagna telephoned him and left a message on his answering machine.   Mr. Valencia called her back  the night before the deposition to confirm his appearance on April 6, 2010.

Next Ms. Montagna e-mailed a letter to Mr. Valencia on April 30, 2010, providing several dates for rescheduling his deposition and asking him to choose one within a week. (Plaintiff's Exh. 2)  When Mr. Valencia failed to respond within the week, a second notice of deposition for June 10, 2010, was mailed and e-mailed to him.

On June 15, 2010, Ms. Montagna e-mailed a copy of the plaintiff's motion to compel Mr. Valencia to appear for deposition. (Plaintiff's Exh. 3)  Later that day, Ms. Montagna e-mailed a copy of the Court's Order for Expedited Briefing of that motion.

(Plaintiff's Exh. 4)  On June 30, 2010, the Court granted the unopposed motion to compel Mr. Valencia's attendance for his deposition no later than July 16, 2010. That same day, Ms. Montagna e-mailed a copy of that Order and a notice of deposition set for July 12, 2010. (Plaintiff's Exh. 5)  Finally Ms. Montagna testified that her e-mail program did not give her a message that this e-mail had not been received.

Mr. Jon Polenberg, counsel for the plaintiff, testified that the first time he spoke to Mr. Valeencia about his deposition was the morning of April 6, 2010, about 15-20 minutes before the deposition was scheduled to begin.  Mr. Valencia telephoned Mr. Polenberg to state that he was ill and would not attend the deposition.  Mr. Polenberg responded that everyone was assembled to go forward with the deposition and that if Mr. Valencia did not attend, there would be consequences.  In response, Mr. Valencia sent Mr. Polenberg an e-mail from rva.blackberry.net, confirming that Mr Polenberg had, during the morning's conversation, agreed to Mr. Valencia's request to reschedule the deposition to the next week. (Plaintiff's Composite Exh. 6, p. 1)

Mr. Polenberg responded to this e-mail by an e-mail stating that Mr. Valencia had not correctly stated the morning's telephone conversation. (Id. p.2) He pointed out that Mr. Valencia had confirmed his attendance the day before the deposition.  Mr. Polenberg's e-mail summarized their conversation as follows: Mr Polenberg told Mr. Valencia that a court reporter and two attorneys were assembled for the deposition, that the parties might expect him to pay the costs and fees associated with the deposition if he did

6

not attend, and that Mr. Valencia should attend, which he refused to do.  (Id. p. 2)

Several hours later, Mr. Valencia replied, via and e-mail from rvarch1417@gmail.com, to Mr. Polenberg's e-mail, stating that he truly intended to attend when he confirmed his attendance, but awoke not feeling well. (Id., p.3)  He asserted that Mr. Polenberg had said that he could not reschedule the deposition to the next week owing to Mr. Polenberg's schedule.  Mr. Valencia's reply stated that he did not agree to pay the fees and expenses associated with the deposition, but he did not refuse to attend the deposition.  He was ill and looked forward to the time and place of the rescheduled deposition. (Id.)

With regard to the June 10, 2010, deposition, Mr. Polenberg testified that Mr. Valencia telephoned him on June 9, 2010, to ask for a continuance since he was unable to find an attorney.  Mr. Polenberg refused to continue the deposition owing to the trial deadlines, and Mr. Valencia did not attend.  Mr. Polenberg then drafted and filed the motion to compel Mr. Valencia's appearance.

Mr. Polenberg testified that several days prior to the July 12, 2010, deposition, Mr. Valencia called him to state that he could not attend the deposition without an attorney and he was not able to afford an attorney.  Mr. Polenberg suggested that if they settled the case, Mr. Valencia could avoid having to give a deposition.  Mr. Valencia refused to settle the case without an attorney and did not appear on July 12, 2010.  On cross examination, Mr. Polenberg testified that he did not mention or speak about the

Court's June 30, 2010, Order compelling Mr. Valencia to appear before July 16, 2010.

Mr. Valencia testified that because he was not satisfied with his original counsel, beginning in late November 2009, he spoke to approximately ten attorneys over the course of several months about taking his case.  The firm of Sinclair Louis Heath Nussbaum & Zavertnik wanted a $15,000 non-refundable retainer, which Mr. Valencia could not afford.  Ms. Deborah Rocklin did not practice in federal court.  Adorno & Yoss also wanted a $15,000 retainer.  Mr. Valencia testified that he has had no income since 2008, and has had to borrow money to live on, and thus could not afford the retainer.

Mr. Valencia then testified that his office was in a rear building on the premises at 1417 S.E. Fourth Street, and that his mail and the mail for the larger building at the front of the premises were often mixed up.  After the front tenant moved away in January 2010, the front building was vacant, but he often received their mail. Now that he has little work, he has no staff and the office usually is empty and locked.  He did not receive  the court's Order of June 30, compelling his attendance at his deposition.

Mr. Valencia testified that his Comcast e-mail service was dropped by that company on January 2010 for non-payment of bills. He stated that less thant two months before the hearing he obtained e-mail service through AT&T, but it also was dropped due to non-payment.  He testified that he could check his e-mails around June 30, 2010, but not often. He stated that he never received any of the e-mailed notices of deposition.  If he had received the June 30 order, he would have attended his deposition.

8

In June, he again began searching for an attorney. He spoke to Manny Singh, Robert Carey and attorneys in Miami. Some did not practice in federal court, one wanted a retainer of $15,000 and another wanted $30,000. He was advised to get an attorney as soon as possible, but also was advised that it would be difficult to obtain counsel since it was a complicated case and so many deadlines in the case had passed.

On cross examination, he stated that the first time he knew of the April 6, 2010, deposition was when Mr. Polenberg's office called to confirm his attendance. However, his illness precluded his attendance. He confirmed the statement in his affidavit accompanying his response to the motion for sanctions, that he did not receive a single piece of correspondence from anyone regarding this case.

With regard to Mr. Valencia's ability to check his e-mail from time to time, he testified that in June 2010 he did check his e-mails at rvarch1417@gmail.com when he had access to a computer. His office had no electricity in June 2010. He stated that when he did check his e-mails there were none there. However, he confirmed that he had received e-mails from Mr. Polenberg in April, but had not received any from Ms. Montagna. He also confirmed that he had e-mailed a letter to Mr. Polenberg on April 6, 2010, about the April 6 deposition, and e-mailed Mr. Polenberg again on June 9, 2010, stating that he had just received a voice-mail about the deposition set for June 10, 2010 and asking for a continuance. (Plaintiff's Exh. 7) The latter e-mail concluded "I can be reached via email at rvarch1417@gmail.com."

9

He agreed that he could communicate with Mr. Polenberg via e-mail both in April and June from rvarch1417@gmail.com., but asserted that he had not received any e-mail from Ms. Montagna. He clarified that his e-mail was probably all right all the time but that he just never received anything counsel's office sent to him.

He was asked, if he had not received the June 30 e-mail with the Court's Order and the notice of deposition for July 12, why he called Mr. Polenberg's office a few days prior to July 12. He responded that he could not remember whether he had called Mr. Polenberg or if Mr. Polenberg had telephoned him.  However, he stated that he did understand that as a party to the case, he was required to appear for his deposition even without a Court order. He also confirmed that Mr. Polenberg did not mention the Court order during their conversation about settlement.

## III. RECOMMENDATIONS OF LAW

Fed.R.Civ.P. 37(d)(1)(A) provides "The court where the action is pending may, upon motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition." Rule 37(d)(3) adopts the sanctions set forth in Rule 37(b)(2)(A)(i)-(vi):

> (i)   Directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence;
> (iii) striking pleadings in whole or in part;
> (iv)  staying further proceedings until the order is obeyed;
> (v)   dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the
disobedient party . . ..

The Eleventh Circuit has entered defaults against parties who repeatedly fail to appear for scheduled depositions. Shawmut Boston Intern. Banking Corp. v. Duque-Pena, 767 F.2d 1504 (11th Cir. 1985). The Shawmut court noted that the sanction of default judgment "'will not be upheld if a party's failure to comply is due to inability rather than to willfulness, bad faith or disregard of responsibilities.'" Id. at 1507, quoting, Aztec Steel Corp. v. Florida Steel Corp., 691 F.2d 480, 481 (11th Cir. 1982). The court found that the defendant "made no showing of inability to appear for numerous depositions noticed by Shawmut." Id.

> In any case, his flouting of the district court's authority and Shawmut's right to depose him furnished adequate proof that he acted willfully, and the district court was authorized to find that his behavior did not result from an inability to comply with notices to depose and with court orders.

Id. Reed v. Fulton County Government, 170 Fed. Appx. 674 (11th Cir. 2006)(plaintiff's repeated failure to appear at noticed depositions and disregard of the court's order to attend his deposition demonstrated willfulness sufficient to warrant dismissal of the complaint with prejudice).

At the hearing, the plaintiff noted that he had not sought sanctions for failure to appear, but had sought them for failure to comply with an Order of the Court. Counsel pointed out that Mr. Valencia admitted receiving e-mails form Mr. Polenberg but denied receiving any of the e-mails from Ms. Montagna, sent from the same office. While Mr. Valencia said that he first learned of the April

11

6 deposition the day before the deposition, he agreed to attend and did not protest that he could not appear on such short notice. This suggests that he received the notice of deposition and thus knew about the date well before the call from Ms. Montagna. Moreover, Mr. Valencia called a few days before the July 12, deposition, but denied knowledge of the deposition date.  The plaintiff contends that default is the proper sanction for such actions. Absent entry of a default, the only other available sanction is an award of costs and fees related to the motion for contempt.

The defendant's response to the motion does not address the Rule 37(d) argument, but instead asserts that since the defendant is now willing to be deposed, a finding of contempt is unnecessary.[4] Keegan v. Lawrence, 778 F.Supp. 523 (S.D.Fla. 1991) (outlining the procedures for a civil contempt proceeding, and the ability to purge the contempt by with the prescribed conditions).

At the hearing, counsel for the defendant asserted Mr. Valencia would have complied with the Court's Order had he known of it.  Counsel argued that the Court should not impose any sanction, since the position in which Mr. Valencia now finds himself is sanction enough.  Owing to the expired deadlines, Mr. Valencia does not have the evidence to present his defense. Mr. Valencia is in this predicament because he does not understand Court procedures, does not have money to retain counsel, and should be given some leeway.

---

[4] At the hearing, the parties did not discuss whether Mr. Valencia had been deposed on one of his suggested dates.

12

The plaintiff's rebuttal argument at the hearing noted that in a civil case, a defendant does not have a right to counsel, and lack of money is not a legal excuse for failure to appear for deposition.

The Court finds that Mr. Valencia knew that he was required to appear for a deposition even if he was not represented by counsel. Although he testified that he never received any of the notices of deposition, the evidence shows that he had access to and monitored the e-mail address to which those notices of deposition were sent, and responded by e-mail in April and in June to communications from Mr. Polenberg. Indeed, Mr. Valencia testified that his e-mail was "probably OK" all the time. Additionally, Mr. Valencia's lack of surprise on April 5, 2010, when he was called to confirm his attendance at the April 6, deposition; his call to Mr. Polenberg on June 9, 2010, to continue the June 10, 2010, deposition since he was close to retaining counsel, and his call to Mr. Polenberg a few days prior to the July 12, deposition, strongly suggest that he had received the notices of deposition for all three dates, as well as the Court's June 30 Order to attend his deposition, which was e-mailed along with the notice of deposition for July 12, 2010. Accordingly, Mr. Valencia's failure to attend three properly-noticed depositions, and his failure to comply with the Court's June 30, 2010, Order compelling attendance are willful acts, the latter flouting the Court's authority. Aztec Steel, 691 F.2d at 481; Reed, 170 Fed.Appx. at 674. Mr. Valencia has not shown

that his failure to attend was due to any legally sufficient inability to appear. Id.; Shawmut, 767 F.2d at 1507.

As counsel for the defendant pointed out, this is not a situation for a finding of contempt in order to compel the defendant to purge his failure to comply with a Court Order.   The discovery deadlines are long past and the September 20, 2010, trial calendar is only weeks away. The  undersigned recommends imposition of the sanction of striking Mr. Valencia's pleadings and entering a default against him, pursuant to Fed.R.Civ.P. 37(d)(1) and (d)(3), for his repeated failure to attend his depositions and for failure to comply with a Court order compelling him to attend his deposition.

In light of the short time before the trial calendar, the Court will require objections to this report and recommendation  to be filed on or before September 1, 2010.

## IV. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED as follows:

1.  That the Court GRANT the motion to strike Mr. Valencia's pleadings and enter a default against him pursuant to Fed.R.Civ.P 37 (d)(1) and (3).

2.   That the Court DENY AS MOOT the motion for a finding of contempt.

The parties will have until September 1, 2010, within which to file written objections, if any, for consideration by The Honorable William P. Dimitrouleas, United States District Judge.

14

Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein.  LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1998), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 25th day of August, 2010.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

all Counsel of Record