UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61146-CIV-DIMITROULEAS

ZETA MANAGEMENT CORPORATION,
a New York corporation,

    Plaintiff,

vs.                                            Magistrate Judge Snow

PARKSIDE HEIGHTS PHASE ONE, LLC,
a Florida limited liability company; OMNI
GROUP HOLDINGS, LLC, a Florida limited
liability company; INTEGRATED DESIGN
IDEAS & SERVICES, INC., a Florida
corporation; ROBERTO VALENCIA;
LOUIS B. NILES; DAYNA HEIT; and
MICHAEL HEIT,

    Defendant.
_____/

## ORDER ADOPTING REPORT OF MAGISTRATE JUDGE

THIS CAUSE is before the Court upon the Plaintiff's Motion for Contempt and Sanctions [DE 82], filed on July 22, 2010, the Report and Recommendation [DE 95] of Magistrate Judge Snow entered on August 25, 2010, the Plaintiff's Motion to Continue Trial [DE 97], filed on September 1, 2010, and Motion for Extension of Time to File Pretrial Stipulation [DE 99], filed on September 3, 2010. The Court has conducted a *de novo* review of the Report and Recommendations, the Motions, the Defendant Roberto Valencia's Response to Plaintiff's Motion for Contempt and Sanctions [DE 85], Plaintiff's Reply to Defendant's Response to Motion for Contempt and Sanctions [DE 90], the record, and Defendant Roberto Valencia's Objections Magistrate Snow's Report and Recommendation on Plaintiff's Motion for Contempt

1

and Sanctions [DE 96], and is otherwise fully advised in the premises.

Plaintiff seeks sanctions against Defendant Roberto Valencia for refusing to appear at scheduled depositions and violating a Court Order requiring him to sit for a deposition by July 16, 2010.  Mr. Valencia responded that he could not afford counsel and did not want to sit for a deposition until he could afford to retain counsel.  He also claimed that mail intended for him was inadvertently sent to the neighboring suite.  Mr. Valencia argued that any failure to follow Court's orders was inadvertent, and that he is willing to sit for a deposition now that he has retained counsel.  Plaintiff replied that all material it sent to Mr. Valencia by postal mail was also sent by email, and that Mr. Valencia's failure to appear at depositions was willful and intended to delay the case.

Magistrate Judge Snow held a hearing at which witnesses testified as to the circumstances surrounding Mr. Valencia's failure to attend depositions.  Magistrate Judge Snow found that Mr. Valencia's failure to attend three properly-noticed depositions was not due to any legally sufficient inability to appear.  She found that despite his claims, he was aware of the depositions and this Court's Order, but did not attend.  She recommended that this Court strike his pleadings and enter a default against him for failure to attend depositions and failure to comply with a Court Order.

In Mr. Valencia's Objections, he states that he objects to the facts found by the Magistrate Judge Snow as essentially adopting Plaintiff's version of the facts.  However, he makes no argument as to why those findings were in error.  Instead, he argues that Plaintiff's causes of action are dubious and that the overwhelming documentary evidence goes against Plaintiff's claims in its Amended Complaint.  Ultimately, Mr. Valencia's argument is that Plaintiff seeks

one count of rescission, an equitable relief, and it would inequitable to enter default against Mr. Valencia when he would prevail at trial.

We find that Mr. Valencia's arguments of the merits of Plaintiff's claims are irrelevant and inappropriate for us to rule on the Motion for Contempt and Sanctions.  Mr. Valencia had no argument that the factual findings of the Magistrate Judge with regard to the failure to appear at depositions were in error.  After our *de novo* review of the record, we find that Mr. Valencia willfully failed to appear at depositions and defied this Court's Order in order to delay the case, that Plaintiff has been prejudiced by this delay, and that we should strike Mr. Valencia's pleadings in this matter and enter default pursuant to Rule 37.  As Mr. Valencia has not shown that he was unable to appear for properly-noticed depositions, and his failure to do so was willful, entering default is a proper sanction.  Shawmut Boston Int'l Banking Corp. v. Duque-Pena, 767 F.2d 1504, 1507 (11th Cir. 1985).  Because we are entering default against Mr. Valencia, Plaintiff's Motion to Continue Trial and Motion for Extension of Time to File Pretrial Stipulation are moot.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [DE 95] is hereby **ADOPTED**;

2. Plaintiff's Motion for Contempt and Sanctions [DE 82] is hereby **GRANTED**;

3. Plaintiff's Motion to Continue Trial [DE 97] is hereby **DENIED as moot**;

4. Plaintiff's Motion for Extension of Time to File Pretrial Stipulation [DE 99] is hereby **DENIED as moot**;

5. Defendant Robert Valencia's Answer [DE 45] is hereby **STRICKEN**;

6. Pursuant to Federal Rule of Civil Procedure 37(d), default is hereby entered against

Defendant Roberto Valencia.[1]

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 7th day of September, 2010.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record

---

[1] Pursuant to Rule 58(a), we shall issue a separate final order. Defendants shall file a proposed order for default against both Defendant Roberto Valencia and Defendant Integrated Design Ideas & Services, Inc.